472 So.2d 548 (1985)
Moshe TUBERO, Appellant,
v.
David L. ELLIS, a Professional Law Corporation, Appellee.
No. 85-435.
District Court of Appeal of Florida, Fourth District.
July 3, 1985.
*549 Robert H. Anderson, II, of Robert H. Anderson, II, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.
GLICKSTEIN, Judge.
This is an appeal of a non-final order granted after judgment on an authorized post-judgment motion. Appellee has not seen fit to answer appellant and the time for filing an answer brief has passed. We reverse, without prejudice to appellee to seek the trial court's order requiring appellant to submit to questioning.
Appellant is currently suing appellee in federal district court in South Florida, under its diversity jurisdiction, contending defendant attorney firm fraudulently obtained a default judgment in California  subsequently domesticated in Florida  without notice to appellant or opportunity for appellant to be heard. There are further counts sounding in libel, disparagement of credit, conspiracy, etc. The relief appellant seeks includes injunction against enforcement of the above judgment. Appellant has formerly unsuccessfully sought a writ of prohibition in this court.
During the pendency of the federal suit appellee sought post-judgment deposition discovery in aid of execution of the circuit court's final judgment. Appellant sought a protective order, noticing his motion for hearing on November 8, 1984. Even though appellant by notice of hearing mailed November 6, 1984, sought to cancel the November 8 hearing and to renotice the hearing for November 19, 1984, the trial court granted appellee a denial of the motion for a protective order, the appellant not being present, on November 8, 1984. Appellant has appealed the trial court's order of November 8, 1984.
Counsel for appellant by mail advised counsel for appellee the pursuit of the discovery was inappropriate when the denial of the protective order was on appeal, and requested deferral of such discovery. Counsel for appellee advised that his client intended to proceed under the November 8, 1984, order, albeit appellant indicated if this were done he would adjourn the deposition pursuant to the appropriate rule, as a stay of execution of the trial court's denial of appellant's motion for protective order/supersedeas was simultaneously being sought in this court.
The deposition was scheduled for December 7, 1984. Appellant states he appeared, but "suspended" deposition, stating he was filing a motion to terminate or limit examination because of the pending appeal and *550 the pendency of the federal suit. Appellant promptly filed such a motion.
Nevertheless, on February 7, 1985, the trial court found appellant in contempt of court by violating the previous order, of November 8, 1984, to appear for deposition. The court assessed costs and fees to appellant, and said in its order appellant could purge himself of contempt by appearing at a deposition hearing on or before February 18, 1985, and answering inquiry in good faith. Otherwise appellant would go to jail for up to 129 days or such lesser time as intervenes until he purges himself by submitting to the discovery deposition.
According to the November 8, 1984, order denying appellant's motion for a protective order, appellee was present, having not received notice of cancellation or rescheduling of the hearing on that motion. The order required appellant to appear at deposition as it would be reset by appellee.
There are two issues:
I. WHETHER THE TRIAL COURT ERRED IN HOLDING APPELLANT IN CONTEMPT IN THAT APPELLANT DID NOT VIOLATE THE COURT'S ORDER TO APPEAR AT DEPOSITION AS PLAINTIFF WOULD SCHEDULE IT. We conclude it did.
II. WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT WITHOUT EVER RULING ON APPELLANT'S MOTION TO TERMINATE OR LIMIT THE DEPOSITION. We conclude it did.
Appellant contends he did appear for deposition as ordered by the court in its November 8, 1984, order, but on advice of counsel exercised his right to suspend, pending court action on a motion to limit or terminate the deposition under Florida Rule of Civil Procedure 1.310(d). Alternatively, if he disobeyed the November 8, 1984, order, he maintains there is no basis for holding his action was intentionally in contempt. Intent is a necessary element of contempt.
Rule 1.310(d) permits a party or deponent to move, at any time during the taking of a deposition, for the limitation or termination of the taking of the deposition, which, on a showing of bad faith, or unreasonable annoyance, embarrassment or oppression, the court may grant. The party or deponent may on demand cause the suspension of the deposition in order to make the motion for limitation or termination. The appellant contends he was taking advantage of the opportunity provided him by this rule.
The merit, or lack thereof, of appellant's motion to terminate is not determinative of whether appellant's conduct was in contempt of court. Appellant did appear for the deposition and then applied his right under rule 1.310(d) as his attorney understood it. He obeyed the November 8 order, taken literally, which commanded him to appear, but was silent on his answering questions when at the deposition hearing. This may be a quibblesome reading of the order, but, then, contempt is also an extreme sanction.
The footnote on the November 8 order raises a troublesome question. It indicates the appellee appeared because he had not received a notice of cancellation or a reset date. That suggests there was knowledge of such a notice at the time the hearing was, nevertheless, held, ex parte; and appellee's non-receipt of it can only have been supported by appellee's say-so.
Contempt is an intentional offense against the authority of the court or a judge performing his judicial duties. See Krathen v. State, 310 So.2d 381, 383 (Fla. 4th DCA 1975). Here, appellant did "appear," as commanded in the order granted ex parte, exercised his perceived rule 1.310(d) right, and immediately filed his motion to limit or restrict the deposition. These are not actions that signify an intent to disobey the court. Yet the contempt order was issued without any action being taken on the motion to limit or restrict. It may be reasonably hypothesized appellant acted on the belief his actions were entirely proper.
*551 Let us assume that the denial of the motion for a protective order, with appellant's counsel absent, occurred because of appellant's counsel's fault. There was, however, knowledge, apparently, of an intention to change the hearing date, or why the unusual footnote on the order compelling attendance at deposition? Issuance of the order ex parte may have been technically permissible, but was it just? Likewise, if there were merit to the motion to limit or restrict  which presumably became the last resort because of the ex parte disposal of the protection order motion  would that not obviate contempt? Yet no consideration of the limitation or restriction motion has, so far as we know, taken place.
LETTS, J., concurs.
HURLEY, J., dissents without opinion.