498 So.2d 1315 (1986)
Marc N. LINOWITZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-137.
District Court of Appeal of Florida, Third District.
November 25, 1986.
Rehearing Denied January 13, 1987.
Marc N. Linowitz, Miami, in pro. per.
Jim Smith, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
*1316 Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
Linowitz appeals from the trial court's order holding him in direct criminal contempt of court. We affirm.[1]
Linowitz, an attorney, was representing a defendant in a criminal murder case. A grand jury had already indicted the defendant and the case was proceeding with pre-trial discovery and motions. Linowitz sought to have transcripts of the grand jury proceedings made available to the parties after discovering that one of the state's witnesses may have misrepresented the facts to the grand jury. Linowitz filed a motion in the trial court to have the transcripts of those proceedings made available to the parties. Judge Esquiroz entered a written order for the transcription of the proceedings but declined to permit the parties access to the transcripts until after she had reviewed them in camera.
Linowitz went to Judge Esquiroz' office on the very day the transcripts had been delivered to the judge. Linowitz questioned the judicial assistant. When he learned that Judge Esquiroz was out of her office, he requested permission to read the transcripts. The judicial assistant retrieved the envelope, which contained the transcripts and was marked "In Camera Viewing," from the judge's chamber and gave it to Linowitz. Linowitz then began reading the transcripts. The judge then arrived and witnessed Linowitz reading the transcripts.
In order to hold a person in direct criminal contempt, a judge must actually witness an act which is intended to and does embarrass, hinder, or obstruct the court from the administration of justice. Thomson v. State, 398 So.2d 514 (Fla.2d DCA 1981). Linowitz contends that proof of his intent could only be found from the way in which he secured access to the transcripts; since Judge Esquiroz was not present at the time he obtained the transcripts, the judge was not a witness to the contemptuous act and, consequently, may not hold Linowitz in direct criminal contempt. We reject this argument.
Sections 905.24 and 905.27, Florida Statutes (1985) make all testimony and proceedings before the grand jury secret unless disclosure is ordered by the court, § 905.27(1). Linowitz admitted that he was familiar with this provision and realized that absent a court order he could not have access to the transcripts. The trial court's order was clear and unambiguous in denying the parties access to the transcripts until after Judge Esquiroz could view them in camera and decide on their relevancy. Thus, the contemptuous act was the reading of the transcripts without a court order permitting disclosure, and Linowitz committed this act in the presence of Judge Esquiroz. Therefore, the trial court's order holding Linowitz in direct criminal contempt is supported by Judge Esquiroz' personal knowledge.
Linowitz also contends that he did not intend to embarrass, hinder, or obstruct the administration of justice, and that his actions were at most those of a negligent or irresponsible and over-zealous representative. The existing law, however, allows the court to infer intent from a defendant's actions where the defendant violates an express and unambiguous court order, making actual proof of intent unnecessary. State ex rel. Schwartz v. Lantz, 440 So.2d 446 (Fla.3d DCA 1983), review dismissed, 447 So.2d 887 (Fla. 1984). There was sufficient evidence from which the trial court could infer Linowitz' intent to hinder the administration of justice. Further, although Linowitz' motivation might very well have been his client's advancement, this does not justify unlawful behavior. See Vizzi v. State, 501 So.2d 613 (Fla.3d DCA 1986).
*1317 Finally, we reject Linowitz' contention that his actions are somehow excusable because the transcripts were eventually disclosed by court order. We have previously held that although a court order eventually proves to be incorrect, an attorney is bound to follow it while it is in force, or face the consequences for its violation. See Vizzi, at 619; Rubin v. State, 490 So.2d 1001 (Fla.3d DCA 1986). Linowitz was bound by the trial court's order, which denied him access to the files, and by section 905.24, which made the transcripts secret absent a court order to the contrary.
Accordingly, the order under review is
Affirmed.
NOTES
[1] Our review of this case is limited to the trial court's finding of direct criminal contempt, pursuant to Florida Rule of Criminal Procedure 3.830. Our finding, that the court's order is supported by the law and facts, obviates a review of the sufficiency of the state's petition to hold Linowitz in indirect criminal contempt.