523 So.2d 776 (1988)
AMERICAN PIONEER CASUALTY INSURANCE COMPANY, Appellant,
v.
Joseph M. HENRION and Lois L. Henrion, His Wife, and A.W. Nordman and J.M. Henrion, Inc., a Florida Corporation, Roger W. Shook, Mark J. Greenway, Jim Graham, New Era Realty IV, Inc., a Florida Corporation, and Jim Graham, Inc., a Florida Corporation, Appellees.
Nos. 87-0502, 87-0526.
District Court of Appeal of Florida, Fourth District.
April 20, 1988.
*777 R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellant.
No appearance for appellees.
HERSEY, Chief Judge.
Appellant, third party defendant below, appeals the lower court's order finding it in contempt of court and assessing a fine of $25,000. We reverse.
The trial court found that appellant had violated a court order requiring attendance at a settlement conference. The order stated, inter alia, that "[t]he appearance of counsel and clients, or representatives of each party with authority to enter into a full and complete compromise and settlement, is mandatory."
The record indicates that appellant's attorney, who had full authority to settle on behalf of appellant, did attend the conference. The trial court, however, held that the order meant that the parties and their attorneys were required to appear, and found that appellant's failure to appear had constituted willful disregard of the court's order.
In Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla.4th DCA 1980), this court stated that "[o]ne may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction." Here, we agree with appellant that the order allegedly violated was ambiguous, and could reasonably be interpreted to mean that appearance of either (1) counsel and clients or (2) representatives of each party with authority to settle, was satisfactory.
In addition, intent to disobey a court order is one of the necessary elements of contempt. Florida Ventilated Awning Company v. Dickson, 67 So.2d 218 (Fla. 1953); Tubero v. Ellis, 472 So.2d 548 (Fla. 4th DCA 1985). Since appellant's attorney testified that he had full authority to settle and thought that his presence at the conference constituted compliance with the court's order, it is clear that the necessary element of intent to disobey was absent in this case.
Based on the foregoing we conclude that the trial court erred in finding appellant in contempt. In view of this conclusion it is unnecessary to address appellant's additional contentions that the fine imposed was excessive and that the underlying order requiring a settlement conference was void.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.