WENTWORTH, Judge.
Appellant seeks review of orders entered after the dissolution of the parties’ marriage, by which various items of property were distributed and appellant was awarded rehabilitative alimony. Appellee was required to contribute to appellant’s attorney’s fee, and the court conditionally retained jurisdiction as to the distribution of personal property. We find that the manner in which the court retained jurisdiction was improper, and the case must be remanded so that the court may readdress this and certain other matters.
The parties’ marriage was dissolved and a separate hearing was thereafter held addressing the distribution of assets, appellant’s claim for alimony, and related financial issues. After the hearing was concluded the court entered an order awarding appellee various assets which could be traced to appellee’s separate ownership pri- or to the parties’ marriage. We find that appellant has failed to demonstrate any error with regard to the distribution of these assets. However, the court also acknowledged the parties’ intent to resolve between themselves the distribution of the remaining items of personal property, expressly providing in the order that jurisdiction is retained as to this matter “should the parties come to an agreement.” On appeal the parties both assert that the court intended to retain jurisdiction should the parties not come to an agreement, but that the word “not” was inadvertently omitted from the order. Since there does not appear to be any basis for retaining jurisdiction if the parties are able to agree as to the distribution of personal property, we reverse the order in this regard and remand for the court to correct this apparent inadvertence, or otherwise delineate a proper basis for retaining jurisdiction.
Appellant also contends that appel-lee should have been required to hold her “harmless” as to the mortgage obligation on the marital home which was awarded to appellee. Documents in the record before this court suggest that appellee cosigned on the mortgage and would remain liable to the mortgagor. While any indemnification as between the parties is a matter within the ambit of the court’s discretion regarding the distribution of assets, since the order is silent and therefore ambiguous in this regard the court should address the matter on remand.
Appellant further contends that the award of rehabilitative alimony, which was made payable either as a lump sum or in monthly installments, should have specified a time for payment. Fla.R.Civ.P. 1.570(c)(1) indicates that the judgment should specify “the time within which the act shall be performed.” We would construe the order as requiring that appellee’s performance of this obligation commence upon entry of the order, as appellee concedes on appeal. However, should the court desire it may also address this matter on remand.
The order appealed is reversed insofar as the court has retained jurisdiction should the parties agree regarding the distribution of personal property. The order is otherwise affirmed, and the cause remanded, subject to clarification as indicated herein.
BOOTH and MINER, JJ., concur.