POLEN, Judge.
Appellant, Dorothy Wilken, Clerk of Courts for the Fifteenth Circuit, appeals from a judgment holding her in indirect civil contempt and assessing $1310.00 in attorney’s fees as a sanction, in favor of appellee Data Lease Financial Corp.
The background facts of this case originated with Data Lease Financial Corporation having Sled a Petition to Approve Attorney’s Fees, in which it asked the court (1) to approve a contingent fee contract, and (2) to issue an order “sealing this aspect of the file as provided in DR2-106(F)(2).” Although the court approved the attorney’s fee contract, it demonstrated its denial of the latter request by crossing it out. We reproduce below the actual order of March 7, 1991:
*1234 [[Image here]]
*1235 Thereafter, in March, 1992, subsequent to the filing of an involuntary petition for bankruptcy against Data Lease, the bankruptcy trustee, upon being denied access to the files, learned that those files had previously been sealed, despite the trial court having deleted language from the March 7, 1991 order that would have required such sealing. Unsealing of the files was accomplished by motion and court order. At a subsequent hearing, Wilken was found in indirect civil contempt, and the plaintiff was awarded attorney’s fees as a sanction, and to compensate them for having to obtain the order to unseal the file. We reverse.
In the instant case we find that the trial court’s holding Wilken in indirect civil contempt, in her position of ultimate responsibility for the clerk’s actions, is predicated upon a fact finding not supported by the record. In the trial judge’s findings of fact, the pertinent portion provides as follows:
1. The court file in this case was sealed, on March 5, 1991, unilaterally by the clerk of Circuit court for the Fifteenth Judicial Circuit through the Clerk’s employees, without legal authority, pursuant to the Clerk’s office regular practice. This was done before the petition seeking court authority to seal the file was ever seen by the Court.
2. On March 7, 1991, in violation of an express and unambiguous Court Order, the Clerk, through employees, opened the file, placed the March 7, 1991 Order in the file, and resealed the court file, marking the file: “FILE SEALED PER ORDER DTD: 3/7/91 BY:LB”, referring to this court’s order of 3/7/91. The file had been sealed two days before this Order was issued and the sealing was accomplished not by authority of this court’s order, but in violation of it.
4. The Clerk’s policy of automatic, unauthorized sealing of all court files containing Petitions for Approval of Attorney’s Fee Contracts has been applied regularly to all such files since 1986.
In Tubero v. Ellis, 472 So.2d 548, 550 (Fla. 4th DCA 1985), we held that the trial court erroneously held a judgment debtor in contempt. In reversing, this court, recognizing that “contempt is ... an extreme sanction,” stressed that “[ijntent is a necessary element of contempt,” and that “[i]t may be reasonably hypothesized appellant acted on the belief his actions were entirely proper.” Id.
In the instant case, the court recognized in the contempt judgment that there was neither “malicious motivation ... nor specific intent calculated to embarrass or hinder the court or to lessen its authority and dignity.” However, the court predicated its ruling on the principle that intent can be inferred, based on the holding in Linowitz v. State, 498 So.2d 1315 (Fla. 3d DCA 1986). In Linowitz, the court held that contempt may be inferred from the contemnor’s actions where an “express” and “unambiguous” court order is violated. Id. at 1316. Those are precisely the “Findings of Fact” which we find problematic here, as they are unsupported by the record.
In the instant ease, we find that the March 7, 1991 order, insofar as it purportedly ordered that file not be sealed, was neither express nor unambiguous, as required by Linowitz. See also Lawrence v. Lawrence, 384 So.2d 279,280 (Fla. 4th DCA 1980), wherein we held that one may not be held in contempt of a court order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. Here, appellant readily acknowledges on appeal, as she did in the trial court, that the policy of sealing files was a mistake. While appellant additionally acknowledges that the sealing of the file in this case may have hindered court administration, it was not calculated to do so. As was ascertained at trial, in sealing the file the clerk was merely adhering to a long-standing practice of the clerk’s office. Here, the record reflects that, pursuant to this practice, the clerk had sealed it two days before the trial judge’s March 7, 1991 order, then resealed it after receipt of the order. Appellant here argues that the fact that the file was sealed at the time of intake created an ambiguity in the order containing the stricken language which would otherwise have ordered a portion of the file sealed. Appellant further contends it was this situation which made the deputy clerk’s interpretation of the *1236 order (that the judge did not need to order the file sealed because it was already sealed) reasonable. Because we find this interpretation logical and credible, we think the confusion of the clerk’s standing practice, although wrong, precludes contempt. " Therefore, in accord with our holding in Tubero, we quash that portion of the trial court’s order finding Wilken in indirect civil contempt and imposing a penalty of $1310.00 in attorney’s fees.
DELL and GLICKSTEIN, JJ., concur.