720 So.2d 546 (1998)
POWER LINE COMPONENTS, INC., Appellant,
v.
MIL-SPEC COMPONENTS, INC., a Florida corporation, Appellee.
No. 97-2319.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
*547 Jan Michael Morris, Boca Raton, for appellant.
Laura L. Brogan of Laura L. Brogan, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The trial court found the appellant in contempt of its previous temporary injunction. Appellant appeals from the contempt order, asserting that the injunction was ambiguous and that there was not competent and substantial evidence of a wilful and substantial violation. We agree and reverse.
Appellant, Power Line Components, Inc. ("Power Line"), and appellee, Mil-Spec Components ("Mil-Spec"), are competitors in the business of marketing and selling electronic components. Ed Rice had worked for Mil-Spec, and upon his termination he signed a confidentiality and non-competition agreement that purported to prohibit him from contacting Mil-Spec customers or from otherwise being employed in competition with Mil-Spec in Dade, Broward and Palm Beach Counties. Mil-Spec subsequently obtained a preliminary injunction based on Power Line's alleged breach of the subject agreement, which the trial court determined was reasonable as to time (one year) and geographic scope (the tri-county area). The injunctive order stated, in pertinent part, that Ed Rice was "not, within Dade, Broward or Palm Beach County, Florida, [to] accept any employment, or enter into any independent contractor agreements, or own or operate any business which is in competition with the business of Mil-Spec."
Three weeks after obtaining the injunction, Mil-Spec filed a motion for contempt, alleging that Power Line and Rice were violating the injunction, and the trial court conducted an evidentiary hearing thereon. It was undisputed that Rice had relocated to St. Lucie County where he continued to work for Power Line. The trial court received unrefuted testimony that Rice, working from his St. Lucie home and contacting customers who were not located in the prohibited tri-county area, never went to the Broward County office during the injunctive *548 period and did not solicit any of Power Line's Broward customers.
A party may not be held in contempt of an injunction that is ambiguous and could reasonably be interpreted in two ways. See American Pioneer Cas. Ins. Co. v. Henrion, 523 So.2d 776, 777 (Fla. 4th DCA 1988); Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980). The injunction at issue in the present case was impermissibly ambiguous since it could reasonably be interpreted to prohibit Power Line from either (1) employing Rice in any capacity since Power Line's sole place of business was in Broward County or (2) employing Rice to engage in sales or marketing within the tri-county area. The trial court obviously adopted the former, but we find significant that, in entering the injunction, had the court meant that Rice could not work for Power Line in any capacity, then it would not have placed a geographic limitation in the order at all. Since the injunction was not "confined within reasonable limitations and cast in such terms as [it could], with certainty, be complied with," Pizio v. Babcock, 76 So.2d 654, 655 (Fla.1954), we reverse the contempt order entered thereon. See Henrion, 523 So.2d at 777 (party may not be held in contempt of ambiguous injunction).
In addition, intent to disobey a court order is one of the necessary elements of contempt. See Tubero v. Ellis, 472 So.2d 548, 550 (Fla. 4th DCA 1985). Power Line introduced substantial unrefuted testimony that it had made a conscious effort to fully comply with its reasonable interpretation that the injunction precluded Rice from engaging in sales only in the tri-county area. Accordingly, the necessary element of intent was lacking here. See Board of Med. Exam'rs v. Kadivar, 482 So.2d 501, 503 (Fla. 4th DCA 1986)(trial court abused its discretion in finding defendant guilty of wilful contempt where evidence established conscious effort to fully comply with injunctive order); see also Henrion, 523 So.2d at 777.
Due to the patent ambiguity of the injunction, and in light of the unrefuted testimony that Power Line had complied with one of two reasonable interpretations of the subject order, we reverse the trial court's contempt order.
DELL, WARNER and KLEIN, JJ., concur.