STRINGER, Judge.
Appellants, Greensburg Public Library and Merrill Lynch Trust Company (Merrill Lynch), challenge the final summary judgment entered below. We affirm.
On March 7, 1994, Ruth M. Trout created an irrevocable trust known as the Ruth M. Trout Charitable Remainder Unitrust (Trust) and named Merrill Lynch trustee. The Trust designated appellees, Alzheimer’s Lifeliners Association, Inc. (Alzheimer’s); the Arthritis Foundation, Florida Chapter, Southwest Branch; the Salvation Army; and the American Lung Association of Gulf Coast, Florida, South Bay Region, as the charitable remaindermen.
Paragraph 4 of the Trust provided in pertinent part:
The Grantor shall have the power to amend this Trust Agreement so as to change the charitable remainderman described in this Paragraph 4, and to add additional organizations or reduce organizations ....
On November 23, 1996, Mrs. Trout sent a letter to Merrill Lynch advising that she wished to delete appellees as charitable remaindermen and to name appellant, Greensburg Public ■ Library, as the sole charitable remainderman. On February 6, 1997, Merrill Lynch advised Mrs. Trout that the Trust had been changed to reflect her wishes. Mrs. Trout died on July 13, 1997.
Merrill Lynch and Alzheimer’s filed separate petitions to determine beneficiaries, and the actions were consolidated. Alzheimer’s filed a motion for summary judgment which was granted. The trial court found that Mrs. Trout’s attempt to change the charitable remaindermen was an' attempt to amend the Trust. Therefore, the amendment was governed by section 737.111, Florida Statutes (1995), and had to be executed with the same formalities as a will. § 737.111(3), Fla. Stat. (1995). Since her attempted amendment was not so executed, the trial court concluded that it was ineffective and void.
Section 737.111, in pertinent part, provides:
(3) The testamentary aspects of an amendment to a trust are invalid unless the amendment is executed with the same formalities as a will.
(4) For the purposes of this section, the term “testamentary aspects” means those provisions of the trust that dispose of the trust property on the death of the settlor other than to the settlor’s estate.
§ 737.111(3), (4), Fla. Stat. (1995). Section 737.111 became effective on October 1, 1995. Ch. 95-401, § 11, at 3287, Laws of Fla. In 1997, the legislature amended section 737.111 and added subsection (6) which states:
(6) This section shall not apply to trust instruments executed prior to October 1, 1995.
§ 737.111(6), Fla. Stat. (1997); Ch. 97-240, § 4, at 4407, Laws of Fla.
*949 Appellants contend that since the Trust was created prior to October 1, 1995, any subsequent amendment to the Trust need not be executed with the formalities of a will because the statute does not apply to trust instruments executed prior to October 1,1995. We disagree.
Although the 1997 version of the statute is not applicable in this case, we believe subsection (6) is an accurate reflection of the legislature’s intent in enacting section 737.111. Thus, we agree that the 1995 version of section 737.111 does not apply to trust instruments executed prior to October 1, 1995. However, contrary to appellants’ position, we conclude that future amendments to the testamentary aspects of a trust executed prior to October 1, 1995, must comply with section 737.111(3).
While the provisions of section 737.111 should be applied prospectively, there is nothing in the statute that would support a conclusion that future amendments to pre-October 1, 1995, trust instruments should be excluded from the requirements of section 737.111(3). It is clear from the plain language of the statute that it applies to the testamentary aspects of amendments executed on or after October 1, 1995, regardless of when the underlying trust was executed. Thus, we conclude that the testamentary aspects of amendments created on or after October 1, 1995, even those amending trust instruments created prior to October 1, 1995, must be executed with the formalities of a will pursuant to section 737.111(3).
Accordingly, we affirm the final summary judgment.
BLUE, A.C.J., and NORTHCUTT, JJ., Concur.