832 So.2d 948 (2002)
MERRILL LYNCH TRUST COMPANY, Appellant,
v.
ALZHEIMER'S LIFELINERS ASSOCIATION, INC.; The Arthritis Foundation, Florida Chapter, Southwest Branch; The Salvation Army, a Georgia corporation; The American Lung Association of Gulf Coast Florida, South Bay Region, Appellee.
No. 2D02-683.
District Court of Appeal of Florida, Second District.
December 27, 2002.
*950 Barry F. Spivey of Ruden, McClosky, Smith, Schuster & Russell, P.A., Sarasota, for Appellant.
Dianne D. Hagan and Henry P. Trawick, Jr., Sarasota, for Appellees Alzheimer's Lifeliners Association, Inc., and The Arthritis Foundation, Florida Chapter, Southwest Branch.
John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for Appellee The Salvation Army.
Ira M. Seidler of Smith & Seidler, St. Petersburg, for Appellee The American Lung Association of Gulf Coast Florida, South Bay Region.
STRINGER, Judge.
Appellant, Merrill Lynch Trust Company ("Merrill Lynch"), seeks review of the trial court's order granting The American Lung Association's ("American Lung") motion for writ of execution and granting Alzheimer's Lifeliners Association, Inc.'s ("Alzheimer's"), The Arthritis Foundation's ("Arthritis"), and The Salvation Army's ("Salvation Army") motions for contempt. We reverse.
This case began with a dispute over the proper beneficiaries of the Ruth M. Trout Charitable Remainder Unitrust ("the Trust") after Trout's death in July 1997. In June 1999, Merrill Lynch, as trustee, and Alzheimer's and Arthritis, as charitable remainder beneficiaries, filed separate actions to determine beneficiaries under the Trust. Their separate actions were consolidated. On January 28, 2000, the trial court granted Alzheimer's motion for summary judgment, voiding an attempted amendment to the Trust which purportedly removed American Lung, Alzheimer's, Arthritis, and Salvation Army (together "the Beneficiaries") as beneficiaries, and named Greensburg Public Library in their place. The summary judgment ordered that "MERRILL LYNCH TRUST COMPANY is directed to make distribution to [the Beneficiaries] in accordance with the Trust."
The summary judgment was appealed, and the trial court denied Merrill Lynch's motion requesting a stay of the summary judgment pending the appeal. Merrill Lynch did not appeal the denial of its motion requesting the stay. We affirmed the trial court in Greensburg Public Library v. Alzheimer's Lifeliners Ass'n, 787 So.2d 947 (Fla. 2d DCA 2001), and mandate issued on July 9, 2001.
On August 10, 2001, Merrill Lynch furnished each of the Beneficiaries with an accounting of all receipts and disbursements of the Trust from its creation through July 31, 2001. Merrill Lynch also sent agreements for the Beneficiaries' signatures consenting to the accounting and releasing Merrill Lynch from fiduciary liability. Merrill Lynch indicated that it would make a prompt distribution of the Trust upon receipt of the releases. The releases were never executed.
In October 2001 the Beneficiaries filed motions for a writ of execution and for contempt against Merrill Lynch for its failure to distribute the Trust in accordance with the summary judgment. Merrill Lynch filed an independent action seeking judicial approval of the accounting and that action remains pending.
The trial court granted the motion for the writ of execution, finding that the summary judgment was a money judgment against Merrill Lynch individually, in the amount of $328,870.20, the value of the Trust on the date the judgment was entered. *951 The court assessed interest from the date of the summary judgment. The court also found Merrill Lynch in contempt "because it intentionally failed to distribute the Trust to the beneficiaries in accordance with the judgment and it had the ability to do so."
On appeal, Merrill Lynch argues that the trial court erred in granting the motion for writ of execution because the January 28, 2000, summary judgment is not a "money judgment" subject to execution. Merrill Lynch also argues that the trial court erred in finding it in contempt because the summary judgment is not clear and definite enough to make Merrill Lynch aware that "immediate" distribution of the Trust was commanded. We find merit in both arguments.
Florida Rule of Civil Procedure 1.570 provides for the enforcement of final judgments. Subsection (a) provides that "[f]inal process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings." We have found only one case addressing what constitutes a "money judgment" for purposes of rule 1.570(a). See Garcia v. Garcia, 743 So.2d 1225 (Fla. 4th DCA 1999).
The Garcia court held that an order to pay temporary attorney's fees and costs in a divorce modification proceeding was not a "judgment solely for the payment of money" under rule 1.570(a). Instead, the court held that the order was a judgment "for the performance of a specific act or contract" that was enforceable by contempt under rule 1.570(c).[1]
The order in this case is comparable to that in Garcia because it orders Merrill Lynch to distribute the Trust and not to pay a particular sum of money. Thus, the order is not a "judgment solely for the payment of money" enforceable by writ of execution under rule 1.570(a), but a judgment "for the performance of a specific act or contract" enforceable by contempt under rule 1.570(c).
Our holding is buttressed by the conclusion that the order would not be considered a "money judgment" under Florida Rule of Appellate Procedure 9.310(b)(1), which contains the same "money judgment" language. That rule provides that a party may obtain a stay of execution pending review "[i]f the order is a judgment solely for the payment of money." Courts construing rule 9.310(b)(1) have held that orders directing the disbursement of a specific fund are not money judgments under the rule. See, e.g., Wilson v. Woodward, 602 So.2d 545 (Fla. 2d DCA 1991) (addressing order directing clerk to disburse funds from court registry); Dice v. Cameron, 424 So.2d 173 (Fla. 3d DCA 1983) (addressing order authorizing personal representative to distribute estate funds).
Merrill Lynch next argues that, under section 737.208, Florida Statutes *952 (2002), the summary judgment did not require immediate distribution as found by the trial court, but distribution was required only after the proper beneficiaries were determined. Thus, Merrill Lynch argues that the trial court improperly determined that the date of valuation of the Trust was January 28, 2000, and improperly awarded the Beneficiaries interest from that date.
Section 737.208 provides, in pertinent part:
(1) Pending the outcome of a proceeding filed to determine the validity of all or part of a trust or the beneficiaries of all or part of a trust, the trustee shall proceed with the administration of the trust as if no proceeding had been commenced, except that no distribution may be made to a beneficiary in contravention of the rights of those persons that may be affected by the outcome of the proceeding.

(2) Upon motion of a party and after notice to interested persons, a court may, upon good cause shown, make an exception to the prohibition under subsection (1) and authorize the trustee to distribute trust assets to a beneficiary subject to any conditions the court, in its discretion, may impose, including the posting of bond by the beneficiary.
(Emphasis added.) Thus, under section 737.208, a trustee cannot be compelled to distribute a trust while an action to determine the beneficiaries is pending. In this case, the action to determine the beneficiaries was pending until this court's mandate issued on July 9, 2001. At that point, the summary judgment directing Merrill Lynch to make distribution to the Beneficiaries in accordance with the Trust was enforceable. Therefore, the trial court erred in determining that Merrill Lynch had a duty to distribute the Trust on January 28, 2000.
The Beneficiaries argue that section 737.208, which went into effect on January 1, 2001, does not apply in this case because it is a substantive provision that may not be applied retroactively. However, it is clear that section 737.208 is procedural in nature and, therefore, may be applied retroactively.
It is well-settled that statutory provisions that are substantive in nature may not be applied retroactively, while procedural provisions may be applied retroactively. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla. 1995). Substantive law prescribes rights and duties, while procedural law addresses the methods and means to enforce and apply those rights and duties. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). Section 737.208 addresses the time for distribution of a trust when litigation is pending regarding the validity of the trust or the proper beneficiaries. It does not infringe on a beneficiary's right to distribution, as argued by the Beneficiaries, but delays distribution to ensure the propriety of such.
Furthermore, the Florida Legislature itself has indicated that parts of chapter 737 may be procedural in nature. In enacting the statute as part of a substantial revision of the Florida Probate Code, the legislature provided with respect to the entire act that:
[t]he substantive rights of all persons that have vested prior to January 1, 2002, shall be determined as provided in former chapters 63, 215, 409, 660, and 731-737, Florida Statutes, as they existed prior to January 1, 2002. The procedures for the enforcement of substantive rights which have vested prior to January 1, 2002, shall be as provided in this act.

Ch.2001-226, § 195, at 2090, Laws of Fla. (emphasis added). Thus, we conclude that *953 section 737.208 is procedural and not substantive in nature, and it may therefore be applied in this case.
Because the trial court erred in determining that Merrill Lynch had a duty to distribute the Trust as of January 28, 2000, the trial court erred in finding Merrill Lynch in contempt for failing to distribute as of that date.[2] The only issue that remains to be determined is whether the trial court abused its discretion in finding Merrill Lynch in civil contempt for failing to distribute the Trust to the Beneficiaries in accordance with the summary judgment as of July 9, 2001, when this court's mandate issued. See Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565, 566 (Fla. 5th DCA 1997) ("A judgment of contempt comes to the appellate court clothed in a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion `or departed so substantially from the essential requirements of the law as to have committed fundamental error.'"). If so, the trial court's finding of contempt must be reversed.
As discussed above, the date mandate issued, July 9, 2001, was the date Merrill Lynch could be compelled to distribute the Trust in accordance with the former summary judgment. The summary judgment directs Merrill Lynch to distribute the Trust, but does not state a time for compliance: "MERRILL LYNCH TRUST COMPANY is directed to make distribution to [the Beneficiaries] in accordance with the Trust."
If an order to perform an act does not specify the time for performance of the act, it is assumed that performance will be required upon issuance of the order. Powell v. Powell, 580 So.2d 620, 621 (Fla. 1st DCA 1991) (stating that the court would construe an order awarding rehabilitative alimony as requiring payment of the obligation upon entry of the order). However, a party cannot be held in contempt for failing to immediately comply with an order that does not specifically require immediate compliance. Lawrence v. Lawrence, 384 So.2d 279, 280-81 (Fla. 4th DCA 1980) (reversing an order of contempt for failure to pay support arrearage because "the trial court's order was not sufficiently explicit and precise with reference to the time for payment of arrearages to support a conclusion that the appellant willfully or wantonly violated that order."). While Merrill Lynch did not distribute the Trust assets upon this court's mandate, Merrill Lynch did begin the distribution process as mandated by Florida law.
Florida law requires a trustee to furnish trust beneficiaries an accounting "upon termination of the trust." See § 737.303(4)(a), Fla. Stat. (2000). After the beneficiaries receive the accounting, they have six months to bring an action in the probate court objecting to the accounting. § 737.307, Fla. Stat. (2000); First Union Nat'l Bank v. Turney, 824 So.2d 172, 189 n. 13 (Fla. 1st DCA 2001). In order to avoid delay, the beneficiaries may consent to the accounting. § 737.307. As an alternative, the trustee may request judicial approval of the accounting. See Rhoades v. Frazier, 124 Fla. 737, 169 So. 379 (1936); Fraser v. Southeast First Bank of Jacksonville, 417 So.2d 707 (Fla. 5th DCA 1982).
In this case, Merrill Lynch took one month to provide the required accounting. With the accounting, Merrill Lynch sent each of the Beneficiaries an agreement for the Beneficiaries' signatures consenting to *954 the accounting and releasing Merrill Lynch from fiduciary liability. The Beneficiaries chose not to sign and return the releases. Thus, the Beneficiaries had six months to object to the accounting. Within two months of the accounting, however, Alzheimer's and Arthritis filed a motion for contempt for Merrill Lynch's failure to distribute the Trust. Because the Beneficiaries refused to consent to the accounting Merrill Lynch provided, Merrill Lynch subsequently filed a request for judicial approval of the accounting.
An essential finding to support contempt is the party's intent to violate the court order at issue. Power Line Components, Inc. v. Mil-Spec Components, Inc., 720 So.2d 546, 548 (Fla. 4th DCA 1998); Northstar, 691 So.2d at 566. It is clear from Merrill Lynch's actions that it immediately began the process for distribution of the Trust as mandated by Florida law. It could not have distributed the Trust without conducting an accounting. See First Union Nat'l Bank v. Jones, 768 So.2d 1213, 1215 (Fla. 4th DCA 2000) ("Although a trust instrument directs termination of the trust and the distribution of the principal to the beneficiaries upon the settlor's death, the trustee cannot make complete distribution until provision has been made for all the expenses, claims and taxes the trust may be obligated to pay, and certainly not before these amounts have been fully ascertained."). While Merrill Lynch could have distributed the Trust after the completion of the accounting in August 2001, it would not have been prudent to do so for six months without either a consent to the accounting by the Beneficiaries or approval of the accounting by the court.[3] Otherwise, one of the Beneficiaries could object to the accounting after the distribution of the Trust, resulting in litigation over assets that have already been distributed. Thus, the trial court abused its discretion in finding Merrill Lynch in civil contempt for failing to distribute the Trust, and we reverse the entire order on appeal.
Reversed.
WHATLEY and KELLY, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.570(c) provides, in pertinent part:

(c) Performance of an Act. If judgment is for the performance of a specific act or contract:
(1) the judgment shall specify the time within which the act shall be performed. If the act is not performed within the time specified, the party seeking enforcement of the judgment shall make an affidavit that the judgment has not been complied with within the prescribed time and the clerk shall issue a writ of attachment against the delinquent party. The delinquent party shall not be released from the writ of attachment until that party has complied with the judgment and paid all costs accruing because of the failure to perform the act...;
(2) the court may hold the disobedient party in contempt; or
(3) the court may appoint some person, not a party to the action, to perform the act insofar as practicable....
[2] We express no opinion as to whether Merrill Lynch breached a fiduciary duty to the Beneficiaries by failing to secure the assets of the Trust as of January 28, 2000.
[3] In fact, the Florida Bar recommends that a trustee wait six months to distribute a trust if the trustee does not receive a consent to the final accounting. David A. Armstrong, Administration of Trusts in Fla. § 5.5 (The Florida Bar ed., Lexis Publishing 3d ed.2001).