CANADY, Judge.
The appellants, Osmo Tec SACV Co., Roger Biset, and Jose Cervera, appeal an order finding them in contempt for violating an injunction entered in a lawsuit to which they were not parties. Because we conclude that the appellants did not violate the injunction, we reverse.
*48 I. BACKGROUND
The injunction that the appellants were found to have violated resulted from litigation filed by Crane Environmental, Inc., the appellee, against Edward Closuit, My-riam Murphy, and Andalite Industries, Inc., who are not parties to this appeal. Crane Environmental’s suit alleged violations of noncompete agreements entered in connection with Crane Environmental’s purchase of Environmental Products USA, Inc. (EP USA), a company that manufactured water filtration systems. Closuit and Murphy, who are husband and wife, both had roles in the leadership of EP USA before it was sold, and both served terms as its president. As a part of the sale of EP USA, a number of persons, including Closuit and Murphy, agreed to five-year noncompete agreements with Crane Environmental. After the sale, Crane Environmental employed Closuit for a short time, but ultimately his relationship with Crane Environmental soured and his employment ended.
Shortly following Closuit’s departure from Crane Environmental, Closuit and Murphy reentered the water filtration business. They incorporated Andalite Industries and registered “Haliant Technologies” as a fictitious name for the corporation. Under that name, Andalite Industries began selling water filtration systems similar to those produced by EP USA and Crane Environmental.
Crane Environmental filed suit and requested a temporary injunction to prevent violation of the noncompete agreement. The trial court entered a temporary injunction, requiring that “Andalite Industries/Haliant Technologies” cease its business operations pertaining to reverse osmosis water filtration systems, “whether through Haliant or a third party.” Further, the court required that “Andalite Industries/Haliant Technologies” cease and desist from soliciting Crane Environmental employees and from using Crane Environmental’s proprietary information and marketing materials with depictions of Crane Environmental products. Closuit and Murphy were not personally enjoined by the order.
After this injunction was issued, Murphy and Closuit entered into negotiations with Crane Environmental concerning an orderly shut-down of Andalite Industries’ water filtration business under the terms of the temporary injunction. At the same time, Closuit and Murphy made arrangements— without informing Crane Environmental— to sell the assets of Andalite Industries’ Haliant Technologies division to Osmo Tec. Osmo Tec purchased virtually all of the assets used by Andalite Industries for its water filtration business. The purchase agreement transferred various items of capital equipment and inventory and also provided for the transfer of intangible property, including the fictitious name “Haliant Technologies” and the internet address and telephone numbers used in Andalite Industries’ water filtration business.
When it discovered that Andalite Industries had sold these assets, Crane Environmental moved to have Closuit, Murphy, Andalite Industries, and the appellants held in contempt for violating the temporary injunction. This motion was filed in conjunction with the lawsuit against Clo-suit, Murphy, and Andalite Industries to which the appellants were not parties. In the motion for contempt, Crane Environmental argued that Osmo Tec was in contempt for continuing Andalite Industries’ water filtration business. Crane Environmental also moved for a contempt order against Biset and Cervera, alleging that Biset managed Osmo Tec’s operation and that Cervera was the owner of Osmo Tec.
*49 At the contempt hearing, where the appellants were represented by counsel, the trial court orally concluded that the appellants should be held in contempt, noting that the appellants had knowingly purchased “as [a] going concern” a business that the court had effectively ordered shut down. In its written order (the order on appeal), the court stated that Haliant Technologies’ existence as a business was “the fruit of illicit conduct” and that the appellants had actual knowledge of the injunction enjoining its operations. The contempt penalty imposed against the appellants was an additional injunction specifically enjoining the appellants from “conducting business operations pertaining to [a] membrane-based water purification business through the name Haliant, Hali-ant Technologies!,] or any derivative thereof’ and also enjoining the use of any of the assets acquired from Andalite Industries in furtherance of a water purification business. The injunction also prohibited the appellants from using the internet address, telephone numbers, software, customer lists, and other intellectual property obtained from Andalite Industries.
II. ANALYSIS
Florida Rule of Civil Procedure 1.610(c) provides:
Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
Two provisions of this rule are particularly pertinent here: (1) an injunction is binding and enforceable against “persons in active concert or participation with” the parties named in an injunction if those persons have “reeeive[d] actual notice of the injunction,” and (2) “[e]very injunction ... shall describe in reasonable detail the act or acts restrained.”
Corollary to the requirement that enjoined acts be described “in reasonable detail” is the rule that a contempt sanction may not be imposed for the violation of an injunction unless the purportedly contemptuous act clearly contravenes the injunction. See Power Line Components, Inc. v. Mil-Spec Components, Inc., 720 So.2d 546, 548 (Fla. 4th DCA 1998) (“A party may not be held in contempt of an injunction that is ambiguous and could reasonably be interpreted in two ways.”). Moreover, “[a]n essential finding to support contempt is the party’s intent to violate the court order at issue.” Merrill Lynch Trust Co. v. Alzheimer’s Lifeliners Ass’n, 832 So.2d 948, 954 (Fla. 2d DCA 2002) (citing Power Line Components, 720 So.2d at 548).
The appellants do not dispute that they had knowledge of the injunction at issue in this case prior to their purchase of assets from Andalite Industries. Nor do they contest that the assets that Osmo Tec purchased from Andalite Industries permitted the continuance of Andalite Industries’ Haliant Technologies’ operations essentially without interruption. Instead, they contend that the injunction enjoining “Andalite Industries/Haliant Technologies” from continuing operations did not prohibit the sale of the assets of Andalite Industries to a third party. We agree.
If the trial court intended to prohibit the sale of Andalite Industries’ assets, the temporary injunction does not reflect that intention. The temporary injunction is devoid of a description “in reasonable detail” of the conduct for which the trial court has held the appellants in contempt; there is no basis for concluding that the appellants *50 intended to violate the injunction. Accordingly, the contempt order must be reversed.
From a review of the transcript of the contempt hearing, it is apparent that the trial court’s rationale for finding the appellants in contempt was its belief that the purpose of the injunction was to destroy the ongoing operations of a company that had grown as a result of violations of a valid noncompete agreement. However, that purpose was not reflected in the written order imposing the injunction. The temporary injunction specifically enjoined neither the sale of any asset of Andalite Industries nor the use of the name of Haliant Technologies by any third parties — such as the appellants — in connection with a water filtration business.
Our conclusion is not altered by the fact that the injunction specifically enjoined the activities of “Andalite Industries/Haliant Technologies” and Osmo Tec acquired and used the trade name Haliant Technologies. Obviously Andalite Industries, a Florida corporation, could properly be enjoined. Haliant Technologies, a fictitious name, had no independent legal existence and could not be enjoined; any reference to Haliant Technologies was simply a reference to Andalite Industries. See Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc., 779 So.2d 537, 539 (Fla. 2d DCA 2000) (noting that “[a] fictitious name is just that — a fiction involving the name of the real party in interest, and nothing more”). And the reference to Ha-liant Technologies in the injunction was not sufficient to prohibit the use of that name by a third party such as Osmo Tec.
Additionally, we address the language of the injunction that prohibited Andalite Industries from continuing its water filtration business “whether through Haliant or a third party.” There is no evidence that the sale of assets was an attempt by An-dalite Industries to continue to participate in the water filtration business through a third party. Although Andalite Industries maintains a security interest in the assets it sold to Osmo Tec, this was a natural consequence of the parties’ decision to privately finance the transaction. The amount to be paid to Andalite Industries under the asset purchase agreement is fixed and is not contingent on Osmo Tec’s profits. Under the sale agreement with Osmo Tec, Andalite Industries is not continuing its involvement in the water filtration business.
III. CONCLUSION
Because the provisions of the prior injunction did not prohibit the conduct for which the trial court found the appellants to be in contempt, we reverse the trial court’s contempt order in its entirety and remand for the entry of an order denying the motion for contempt against the appellants.
Reversed and remanded.
VILLANTI and WALLACE, JJ„ concur.