CANADY, Judge.
This case arises from a dispute between a trustee and the primary beneficiary of a trust concerning funds distributed to the beneficiary without the approval of the trustee. The appellant, Aaron Fleck, as the trustee, challenges a final judgment entered on remand from our decision in Fleck-Rubin v. Fleck, 933 So.2d 38 (Fla. 2d DCA 2006). We reverse the final judgment in part.
The dispute between the appellant and Sondra Fleck-Rubin, the primary beneficiary of the trust, related to funds distributed to Sondra by the trust administrator pursuant to Sondra’s direction. The appellant sued Sondra and obtained a partial summary judgment, which ordered that Sondra return to the trust the assets which had been distributed to her. Sondra challenged that judgment in Fleck-Rubin, where we considered “whether the terms of the trust agreement permitted Sondra to remove all the funds and assets of [the trust] without her cotrustee’s consent.” Id. at 40.
We concluded that the trial court had erred in its interpretation of the terms of the trust agreement. Contrary to the trial court’s interpretation, we determined that the “unambiguous language” of the trust agreement “allowed Sondra to demand distributions from [the trust] ‘even to the complete exhaustion thereof,’ ” and that “[s]uch distributions were not subject to *1228 the approval or discretion of [the appellant], as cotrustee.” Id. We recognized, however, “that Sondra’s request for all the assets had to be made ‘by written instrument signed by her and delivered to the Trustees during her life.’ ” Id. at n. 1. We left open the question of whether Sondra had satisfied that requirement for requesting distribution of trust assets. Id.
On remand, the trial court determined that Sondra had indeed satisfied the requirement for requesting the distribution of trust assets. Having made that determination, the trial court granted judgment in favor of Sondra on the appellant’s pending claims. The judgment — which is now before us on appeal — also specifically ordered the appellant “to immediately return to [Sondra’s guardian ad litem] all of the funds and assets which were turned over to [the appellant] pursuant to the previously entered partial summary judgment, plus interest on those funds at the legal rate.” After the initiation of this appeal, Sondra died. The personal representatives of her estate have therefore been substituted as appellees for Sondra’s guardian ad litem.
The appellant has raised a variety of issues related to the merits of his claims against Sondra. These issues are without merit and are rejected without further comment.
The appellant also argues that the trial court erred in ordering that he return to Sondra’s guardian ad litem “all of the funds and assets which were turned over to [the appellant] ... plus interest on those funds at the legal rate.” The appellant contends that he “has distributed to Sondra, as beneficiary, all of the income from the assets of the Trust since the assets were ordered returned by Sondra to the Trust, approximately $236,564.48.” The appellant further asserts that in awarding interest on “the entire corpus” to Sondra, the final judgment “fails to give [him] any credit for these payments.” According to the appellant, “[i]t is the current assets of the Trust that should be ordered released to Sondra.”
The appellees answer by arguing that “the trial court was required to undo the actions which were ordered by the subsequently reversed partial summary judgment” and that “[t]he only way to undo such action[s]” was by “an order of restitution.” The appellees further contend that “the trial court’s provision for the return of interest at the legal rate on those funds and assets was appropriate” because Sondra “lost the use of those funds and assets from the time they were paid back to [the appellant] until they are returned” from him.
We conclude that the appellant’s argument on this point has merit.
The partial summary judgment which was reversed in Fleck-Rubin directed Sondra or her guardian ad litem to “immediately transfer” to the appellant “all of the funds and assets which [Sondra] took from [the trust] as a consequence of her directions to [the administrator of the trust].” The judgment directed that the appellant, for the benefit of Sondra, “during her lifetime, manage all the funds and assets subject to the [trust] as required by the [trust] and applicable law.” Once the trial court determined on remand that Sondra had satisfied the requirement of the trust agreement for requesting a distribution of trust assets prior to the distribution of those assets, the trial court’s task was to rectify its earlier erroneous judgment by ordering that the remaining assets of the trust be distributed to Sondra’s guardian ad litem.
The trial court erred in treating the earlier erroneous judgment, which required that the distributed assets be returned to the trust, as though it were a money judgment which had been satisfied and then overturned. The funds that were *1229 returned to the trust were not turned over to the appellant to deal with as he pleased but were required to be administered by the appellant in accordance with his duties as a cotrustee. The ongoing administration of the trust necessarily involved circumstances that the trial court’s order on review in effect ignores.
Here, the restoration of the status quo ante simply requires that “all remaining trust assets” be distributed by the appellant, in his capacity as trustee, as Sondra had directed pursuant to the provisions of the trust agreement. In connection with such a distribution which effectively terminates the trust, the beneficiary is, of course, entitled to a trust accounting. See § 737.303(4)(a), Fla. Stat; (2006); see also Merrill Lynch Trust Co. v. Alzheimer’s Lifeliners Ass’n, 832 So.2d 948, 953-54 (Fla. 2d DCA 2002). In distributing the remaining trust assets, the trustee also must comply with all other applicable requirements of law. See First Union Nat’l Bank v. Jones, 768 So.2d 1213, 1215 (Fla. 4th DCA 2000).[1]
We therefore reverse the portion of the final judgment ordering the return of “all the funds and assets which were turned over” to the appellant pursuant to the overturned judgment, “plus interest on those funds at the legal rate.” On remand, the judgment shall be amended consistent with this opinion.
Affirmed in part; reversed in part; and remanded.
VILLANTI and WALLACE, JJ., Concur.

. To the extent that there may be any claims against the appellant for breach of his duties as trustee, those claims are not at issue in the present proceeding.