BENTON, J.
 

 We have for review an Order to Compel and an Order of Contempt. Both orders impose monetary fines: Discrete discovery violations were committed in the course of a judgment creditor’s efforts to enforce a consent judgment against appellants. We reverse both orders insofar as they retrospectively
 
 [1]
 
 impose sanctions payable to
 
 *181
 
 the judgment creditor — absent evidence of the amount of damages occasioned by the sanctioned conduct — and remand for further proceedings.
 

 On April 30, 2007, after entry of consent judgment in his favor, Michael D. Greer secured an ex parte order requiring all appellants to file fact information sheets (using Form 1.977 of the Florida Rules of Civil Procedure) within 45 days of the order. The appellants failed to comply with the order.
 

 Later Mr. Greer filed a notice of taking deposition (and served a subpoena duces tecum) in aid of execution, setting the deposition of appellant Thomas B. Henry, Jr., for December 17, 2007. On the scheduled date, Mr. Henry did not appear. He filed a motion for protective order instead, a copy of which was delivered by hand to Mr. Greer’s counsel on the day the deposition was to have gone forward.
 
 [2]
 

 On December 20, 2007, Mr. Greer filed a motion to compel Mr. Henry to honor a second
 
 [3]
 
 subpoena duces tecum and to appear for deposition. The next day Mr. Greer filed a separate motion for contempt asking that the appellants be found in contempt for failure to comply with the trial court’s April 30, 2007 order requiring the filing of completed Forms 1.977. Both motions were heard on January 15, 2008.
 
 [4]
 
 The trial court disposed of both motions by entering the two orders now before us, the Order [on Motion] to Compel [Discovery] on January 24, 2008, and the Order of Contempt on January 22, 2008.
 

 
 *182
 
 In its Order to Compel, the trial court sanctioned Mr. Henry (for failing to appear and to comply with the subpoena duces tecum) in the amount of $1,000 per day from December 17, 2007,
 
 [5]
 
 until the date on which he appeared for deposition with the documents requested in the subpoena duces tecum.
 
 [6]
 
 The Order to Compel did not find him in contempt, but decreed that Mr. Greer “shall take judgment against Henry for $31,000.00 (December 17, 2007 through January 16, 2007[sic]; 31 days), for which let execution issue.”
 

 In its Order of Contempt, the trial court found all three appellants in contempt for failure to comply with the April 30, 2007 order (requiring them to file Forms 1.977) and sanctioned each in the amount of $100 per day — from June 14, 2007, until the hearing date (and beyond). Ruling that disobedience of its April 30, 2007 order was contempt of court, the trial court decreed that Mr. Greer “take judgment against” each of the three appellants “for $21,000.00 (June 14, 2007 through January 16, 2008; 217 days), for which let execution issue.”
 

 We first consider the Order to Compel. The Order to Compel makes no finding of contempt.
 
 [7]
 

 See Stewart v. Jones,
 
 728 So.2d 1233, 1234 (Fla. 4th DCA 1999) (holding that the “assessment of a fine in the discovery context must be predicated on a finding of contempt”).
 
 See also Channel Components, Inc. v. Am. II Elec., Inc.,
 
 915 So.2d 1278, 1283 (Fla. 2nd DCA 2005) (noting that “rule 1.380[, Florida Rules of Civil Procedure,] does not specifically provide for the imposition of a monetary sanction or fine unconnected to the expenses (such as attorneys’ fees) caused by the failure to provide discovery. Thus the assessment of a fine in the discovery context must be predicated upon a finding of contempt.”).
 
 [8]
 

 Mr. Greer’s motion to compel requested that the trial court award fees and costs incurred in connection only with the deposition Mr. Henry had failed to attend and the single hearing on the motion. Making no mention of the Forms 1.977, the motion to compel did not seek adjudication of contempt for failure to appear or honor the subpoena.
 

 Even without an adjudication of contempt, a trial court may order a properly noticed party who fails to appear for deposition to make other parties whole for financial losses that the failure to appear causes. Florida Rule of Civil Procedure 1.380(d) provides that, if a party fails “to appear before the officer who is to take the
 
 *183
 
 deposition after being served with a proper notice, ... the court shall require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.” The trial court’s implicit findings and conclusions that Mr. Henry’s failure to appear was not justified and that no other circumstances would make an award of expenses unjust are not in question here.
 

 The sanctions in the Order to Compel cannot, however, be upheld on the authority of Rule 1.380(d), because no evidence was adduced at the January 15, 2008 hearing to prove what relationship, if any, the $31,000 sanction bears to “reasonable expenses caused by the failure.” The amount of “reasonable expenses caused by the failure” defines the lawful extent of any sanction under the rule. The $31,000 judgment imposed against Mr. Henry as a sanction for failure to attend the December 17, 2007 deposition must be reversed, and the matter must be remanded for findings on the amount of fees and costs his failure to appear caused, and entry of an order tailoring any sanction accordingly.
 

 We turn now to the Order of Contempt. This order found all three appellants in contempt for failure to comply with the order requiring them each to file Form 1.977 within 45 days. Rule 1.380(b)(2)(D), Florida Rules of Civil Procedure, provides that if “a party ... fails to obey an order to provide or permit discovery” the court may make “an order treating as a contempt of court the failure to obey.” In the Order of Contempt, the trial court did precisely that.
 

 The trial court did not err in finding appellants in contempt for their failure to comply with its April 30, 2007 order. Purposeful disobedience of a court order that has not been stayed or appealed is quintessentially contumacious.
 
 See Johnson v. Allstate Ins. Co.,
 
 410 So.2d 978, 980 (Fla. 5th DCA 1982) (“A party may not ignore a valid order of court except at its peril. There are avenues of redress by appellate review for orders which may be erroneous, but so long as such orders are entered by a court which has jurisdiction of both the subject matter and the parties, they cannot be completely ignored without running the risk that an appropriate sanction may be imposed.”).
 

 The parties were powerless to amend the court’s order, by their agreement to abate the proceedings or otherwise.
 
 See Johnson v. Bednar,
 
 573 So.2d 822, 824 (Fla.1991) (“If a party can make oneself a judge of the validity of orders issued by trial courts, and by one’s own act of disobedience set them aside, then our courts are devoid of power, and the judicial power ... would be a mockery.” (citing
 
 Gompers v. Buck’s Stove & Range Co.,
 
 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911))),
 
 receded from on other grounds in Parisi v. Broward County,
 
 769 So.2d 359, 365 (Fla.2000). “[CJourts have the authority to enforce a judgment by the exercise of their contempt powers.”
 
 Id.
 

 But the Order of Contempt is ambiguous on the question whether the monetary sanctions it imposes are criminal or civil in nature.
 
 [9]
 
 The $21,000 judgment resembles
 
 *184
 
 a criminal sanction in that the appellants have no “opportunity to reduce or avoid the amount of the fine through compliance.”
 
 Int’l Union, United Mine Workers of Am. v. Bagwell,
 
 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).
 
 See Parisi,
 
 769 So.2d at 365 (“[A]ny ‘flat, unconditional fine’ is considered a
 
 criminal sanction
 
 because it does not afford the opportunity to purge the contempt through compliance.” (quoting
 
 Bagwell,
 
 512 U.S. at 829, 114 S.Ct. 2552)).
 

 We cannot construe these monetary sanctions as criminal, however, because the moneys are ordered to be paid, not to the fisc, but to a private party. “A fine imposed as a punishment for criminal contempt is to be paid to the state or into the public treasury, and not to the complaining or moving party.” 17 C.J.S.
 
 Contempt
 
 § 108 (1999). “Fundamentally, a criminal contempt proceeding is between the public and the defendant.”
 
 S. Dade Farms, Inc. v. Peters,
 
 88 So.2d 891, 899 (Fla.1956) (“It is not directly a part of the original cause. It involves punishment for an offense against the court itself as distinguished from the commission of an act in derogation of the rights of a party to the cause”).
 
 See In re S.L.T.,
 
 180 So.2d 374, 378 (Fla. 2d DCA 1965) (In criminal contempt proceedings, “[t]he government, the courts and the people are interested in its prosecution and the state is the real prosecutor,” while the “purpose of civil contempt proceedings is to preserve and enforce rights of private parties to suits and to compel obedience to orders and decrees made for benefit of such parties.”).
 

 The retrospective portions of the monetary sanctions the Order of Contempt imposes are not properly viewed as coercive civil contempt
 
 [10]
 
 sanctions, either.
 
 *185
 
 There is no purge provision: the retrospective portions of these monetary sanctions, based on past failures to obey the court’s order, cannot be avoided.
 
 Pro tan-to,
 
 these sanctions cannot — and are not designed to — compel performance of any act yet to be taken.
 
 [11]
 
 (We are not concerned here with any provision of the order under review that looks to the future.) The monetary sanctions at issue were imposed for past noncompliance and, because they are payable to a private party litigant, are lawful only insofar as they compensate the private party litigant for damages the contumacious conduct caused.
 

 “While courts have the unquestioned authority to order a civil contempt fíne to compensate for losses sustained, ‘[i]f compensation is intended, the fine must be based on evidence of the injured party’s
 
 actual loss.’
 
 ”
 
 Parisi,
 
 769 So.2d at 366 (citing
 
 Johnson,
 
 573 So.2d at 824).
 
 See also United States v. United Mine Workers of Am.,
 
 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947) (same);
 
 Schoenthal v. Schoenthal,
 
 138 So.2d 802, 803-04 (Fla. 3d DCA 1962) (although the court may coerce performance of a required act by assessment of “a compensatory fine to the extent of the damage suffered to be paid to the party injured by the wrongdoing party,” by “definition a compensatory fine is one which has a relationship to the loss suffered”). The Order of Contempt’s retrospective sanctions cannot be upheld as valid, compensatory, civil contempt sanctions because there is no evidence that the amount of the sanctions has (or any indication it was intended to have) any relationship to the amount of damages suffered as a result of the appellants’ failure to comply with the trial court’s April 30, 2007 order.
 

 “As a general rule the amount of the fine will be limited to the actual damage sustained by the injured party. An award of compensatory damages should not be speculative or conjectural.... Where there is no proof of actual damages, the fine will be merely nominal or will not be imposed at all.”
 
 [12]
 
 17 C.J.S.
 
 Contempt
 
 § 115 (1999) (footnotes omitted). Actual damages incurred by a party to the action is the appropriate measure for a civil contempt sanction payable to the party, including fees and costs.
 
 See
 
 17 C.J.S.
 
 Contempt
 
 § 116 (1999) (“In addition to compensation for loss to the injured party resulting from the contempt, the costs and expenses of the proceeding to punish the guilty party have been allowed.”).
 
 See also Levine v. Keaster,
 
 862 So.2d 876, 880 (Fla. 4th DCA 2003) (“If a party is found in contempt, it is proper for the court to compensate the injured party by assessing attorney’s fees for the contempt proceedings.”);
 
 Worthington v. Harty,
 
 677 So.2d 1371, 1371 (Fla. 4th DCA 1996) (“As a general rule, attorney’s fees may be awarded as a sanction in civil contempt
 
 *186
 
 proceedings without findings as to the parties’ respective need and ability to pay.”);
 
 Lamb v. Fowler,
 
 574 So.2d 262, 268 (Fla. 1st DCA 1991) (“the court is empowered, in its discretion, to assess fines and award attorney’s fees and costs as sanctions for civil contempt”). The $21,000 judgment (imposed against each of the appellants for failure to comply with the April 30, 2007 order) must be reversed, and the matter must be remanded as to the Order of Contempt, too, for findings as to actual damages and entry of an order tailoring any sanctions accordingly.
 

 Both the Order to Compel and the Order of Contempt are reversed and the matter is remanded with directions.
 

 HAWKES, C.J. and HANKINSON, JAMES C., Associate Judge, concur.
 

 [1]
 

 . We assume and reaffirm the power of a court to order civil contempt sanctions to coerce compliance with a lawful order where the defendant is "given the opportunity to purge through compliance.”
 
 J-II Investments, Inc. v. Leon County,
 
 21 So.3d 86, 88 (Fla. 1st
 
 *181
 
 DCA 2009). We do not address possible, prospective sanctions outlined in the orders under review, however, which may never actually result in orders requiring a sum certain to be paid, or in any appealable order. In
 
 J-II Investments, Inc.,
 
 we upheld sanctions designed to coerce compliance with a court order. There the trial court had ordered sanctions prospectively in the event of noncompliance.
 

 [2]
 

 . In the motion, Mr. Henry asserted that the parties had agreed to abate any action to collect the judgment for six months and that the deposition was set prior to expiration of the six-month period.
 

 [3]
 

 . On December 20, 2007, Mr. Greer filed another notice, scheduling Mr. Henry's deposition for January 9, 2008. Mr. Henry did not appear for this deposition, either.
 

 [4]
 

 . The hearing consisted of argument and un-sworn representations of counsel. Counsel for Mr. Greer acknowledged that the parties had agreed to a six-month abatement in exchange for the appellants’ payment of $500,000.00, but noted that there was disagreement regarding when the abatement terminated. Counsel for Mr. Greer asserted the abatement terminated before the scheduled December 17, 2007 deposition, and counsel for Mr. Henry asserted the abatement terminated on January 2, 2008. Although counsel for Mr. Henry made reference to affidavits of Mr. Henry and Mr. Kemp, these affidavits are not in the record on appeal.
 

 An attorney's "unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.”
 
 Leon Shaffer Golnick Adver., Inc. v. Cedar,
 
 423 So.2d 1015, 1017 (Fla. 4th DCA 1982).
 
 Compare Brown v. Sch. Bd. of Palm Beach County,
 
 855 So.2d 1267, 1269-70 (Fla. 4th DCA 2003) (reversing trial court's order sanctioning an attorney for fees and costs incurred when he failed to attend a scheduled deposition because the trial court improperly relied on unsworn statements in finding the failure to attend was not justified and was evidence of bad faith),
 
 with Carroll v. Carroll,
 
 936 So.2d 706, 707 (Fla. 4th DCA 2006) (affirming award of attorneys’ fees where award was based primarily on the parties’ financial affidavits which, although not formally placed into evidence, were in the court file and were argued extensively as to their contents at the hearings, without objection).
 

 [5]
 

 . Although the trial court made no finding in the Order to Compel regarding the parties' agreement to a six-month abatement, the fact the sanction was imposed for a period beginning December 17, 2007, implies the trial court found that the agreed abatement period had expired, a finding we would be obliged to accept.
 

 [6]
 

 . Although the trial court's order imposed sanctions in the amount of $1,000 per day from his scheduled deposition date of January 10, 2008, until such date as Mr. Kemp appeared for deposition and produced the requested documents, the trial court apparently later rescinded this portion of the order.
 

 [7]
 

 . Rule 1.410(f), Florida Rules of Civil Procedure, provides that the "[flailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued,” but the Order to Compel did not find Mr. Henry in contempt for failure to obey a subpoena.
 

 [8]
 

 . The separately entered Order of Contempt deals only with appellants' failure to comply with the April 30, 2007 order requiring that Forms 1.977 be filed. The Order of Contempt makes no mention of any notice, subpoena duces tecum or deposition and does not address the events of the following December or January in any way.
 

 [9]
 

 . As recognized in
 
 Parisi v. Broward County,
 
 769 So.2d 359, 363-65 (Fla.2000),
 

 Contempt sanctions are broadly categorized as criminal or civil contempt. Civil contempt sanctions are further classified as either compensatory or coercive sanctions.
 
 See Johnson[v. Bednar],
 
 573 So.2d [822,] 824 [ (Fla.1991)]. The same contemptuous conduct may be the subject of both criminal and civil proceedings. The distinction be
 
 *184
 
 tween criminal and civil contempt often turns on the "character and purpose” of the sanctions involved.
 
 [Int’l Union, United Mine Workers v.]Bagwell,
 
 512 U.S. [821], 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 [(1994)] (quoting
 
 Gompers,
 
 221 U.S. at 441, 31 S.Ct. 492, 55 L.Ed. 797). We have previously explained that "[t]he purpose of
 
 criminal
 
 contempt ... is to
 
 punish.
 
 Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court."
 
 Bowen v. Bowen,
 
 471 So.2d 1274, 1277 (Fla.1985). On the other hand, a contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant.”
 
 Bagwell,
 
 512 U.S. at 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (quoting
 
 Gompers,
 
 221 U.S. at 441, 31 S.Ct. 492).
 

 ... The United States Supreme Court explained that a fine is criminal if "the con-temnor has no
 
 subsequent opportunity to reduce or avoid the amount of the fine through compliance.” Id.
 
 at 829, 114 S.Ct. 2552 (emphasis supplied).
 

 (footnote omitted).
 

 [10]
 

 . In
 
 South Dade Farms, Inc. v. Peters,
 
 88 So.2d 891, 899 (Fla.1956), our supreme court said:
 

 ... A civil contempt proceeding naturally involves in some measure a transgression against the dignity of the court and the prestige of its order, however, it is in actuality a proceeding between the parties to the cause and is instituted and tried as a part of the main case. It should be considered more nearly in the nature of a civil proceeding between the parties, and to the extent appropriate ndes governing civil causes should apply. When a judgment or decree in favor of one party is disregarded or violated by another party to the injury of the former, it is then appropriate for the injured party to call upon the court to exercise its contempt powers in the enforcement of its decrees for the benefit of the party in whose favor the decree has been entered.
 

 In an appropriate civil contempt case the court may compel performance of a required act by coercive imprisonment or in the event that the violation of the decree has resulted in damages to the injured party, there is adequate authority to support the assessment of a "compensatory fine” to
 
 *185
 
 be paid by the wrongdoing party to the party injured. The expression "compensatory fine" seems to have found its way into the law governing contempt in
 
 Gompers v. Buck’s Stove & Range Co., supra.
 

 [11]
 

 . Furthermore, the retrospective monetary sanctions would not be affirmable as coercive civil contempt sanctions because no evidence regarding financial resources of the appellants was presented below. "[I]n imposing both criminal fines or coercive civil contempt fines, the court must consider the financial resources of the contemnor in setting the amount of the fine.”
 
 Parisi,
 
 769 So.2d at 366.
 

 [12]
 

 . The rule is different where the purpose of a civil contempt fine is not compensatory but contains a purge provision and is intended to coerce compliance, as in
 
 J-II Investments, Inc. v. Leon County,
 
 21 So.3d 86, 88 (Fla. 1st DCA 2009). In such cases, the trial court must set the fine high enough to create an effective incentive for compliance, and enjoys considerable discretion in this regard.