PER CURIAM.
 

 Appellant appeals the trial court’s order finding her in civil contempt. Because the civil contempt sanction did not seek to compel compliance with an existing order, we find that the order in this case exceeded the allowable scope of a trial court’s civil contempt powers. As such, we reverse.
 

 
 *202
 
 Appellant gave birth to a minor child while she was married to Joseph Parris. Appellant filed for divorce. Appellant’s petition for dissolution of marriage and Parris’s answer indicated the marriage was one “with no dependent or minor children,” and the divorce court entered a final judgment of dissolution.
 

 Subsequently, Aldo Silveira filed a paternity action against appellant. Appellant moved to dismiss the paternity action, arguing that Parris was the minor child’s legal father. The trial court in the paternity action agreed that the presumption of legitimacy applied and granted appellant’s motion to dismiss.
 

 Afterwards, the trial court retrieved the file from the earlier, closed divorce case and discovered appellant’s representations in that case that there were no dependent or minor children. The trial court issued an order to show cause why appellant should not be held in contempt. At the hearing, appellant maintained that she had mistakenly filed the wrong form in the divorce action. The trial court found that appellant “intentionally and willfully filed false documents under oath in the dissolution of marriage case and provided false testimony ... in the paternity case.” As a result, the court found her in direct and indirect civil contempt for which she would be incarcerated for six months or until the contempt was purged. To purge her contempt, appellant was required to arrange for a sample of her minor child’s DNA to be compared to Silveira’s DNA. The court vacated its earlier order granting appellant’s motion to dismiss the paternity action.
 

 “[T]he purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court.”
 
 Bowen v. Bowen,
 
 471 So.2d 1274, 1277 (Fla.1985) (emphasis removed);
 
 see also
 
 Fla. Fam. L.R.P. 12.615;
 
 Parsons v. Wennet,
 
 625 So.2d 945, 947 (Fla. 4th DCA 1993) (“Civil contempt consists of failing to do something ordered to be done by a court or judge for the benefit of the opposing party.”). Unlike a criminal contempt sanction, “[cjivil contempt is not intended to punish.”
 
 Elliott v. Bradshaw,
 
 59 So.3d 1182, 1184 (Fla. 4th DCA 2011).
 

 In the present case, the trial court found appellant in civil contempt because it believed she had lied in the closed divorce action by filing a petition suggesting that no children were born during her marriage. It appears further that the civil contempt finding was based on appellant’s refusal to admit to the alleged lies at the contempt hearing. Appellant was not subject to any order of the court when she was found in civil contempt. Thus, the sanction here was not “coercive in nature.”
 
 Gregory v. Rice,
 
 727 So.2d 251, 253 (Fla.1999);
 
 see also H.K. Dev., LLC v. Greer,
 
 32 So.3d 178, 185 (Fla. 1st DCA 2010) (holding that civil contempt sanctions were improper, in part, because they “cannot— and are not designed to-compel performance of any act yet to be taken”). As a result, based on the unique facts of this case, we reverse the civil contempt order under review.
 
 [1]
 

 Reversed and remanded for proceedings consistent with this opinion.
 

 GROSS, CIKLIN and LEVINE, JJ., concur.
 

 [1]
 

 . We accordingly reverse that part of the order vacating the trial court's order granting appellant’s motion to dismiss the paternity action. By doing so, we express no opinion as to whether the presumption of legitimacy was correctly applied because that question is not directly before us.