JACOBUS, Senior Judge.
The former husband, Douglas R. Ingram, appeals a post-judgment order holding him in contempt for his failure to produce certain financial records relating to his 401 (k) account with his employer and ordering him to pay the former wife, Aurelia A. Ingram, $2,500 in attorney’s fees. We affirm in part, and reverse in part.
The parties were divorced by final judgment of dissolution on April 28, 2009. The final judgment gave a portion of the former husband’s 401 (k) to the former wife. The final judgment required the former wife to prepare the Qualified Domestic Relations Order (“QDRO”). The former husband was required to execute and provide all documents necessary to facilitate the preparation of the QDRO, including monthly and year-end statements for his 401(k) account since April 1, 2006, if he had access to them. In over three years since the final judgment, the former husband has not provided any records to the former wife so that the QDRO could be completed, and she has not prepared the QDRO.
. The former wife filed a motion for contempt directed to the former husband’s failure to comply with the final judgment by failing to provide the records necessary to complete the QDRO. At the contempt hearing, the former wife’s counsel explained the posture of the case and what he was seeking on behalf of his client. The former husband appeared by phone and was unsworn. He did testify, albeit not under oath, stating that he did not have the records, he only had access to records involving his 401(k) through a computer link, and the records only went back two years. The former husband was held in contempt for failure to comply with the final judgment by failing to secure the necessary records to complete the QDRO. The former wife was awarded $2,500 in attorney’s fees to be paid by the former husband. The attorney’s fee award was not based on evidence presented at the hearing; rather, it was based solely on the former wife’s attorney’s response to the question of how much he wanted.
The former husband raises several issues on appeal, one of which merits discussion. Although the procedure was somewhat unconventional, we find that the lower court’s finding was not unwarranted in light of the fact that the former husband has failed to comply with the final judgment entered more than three years prior. Although the former husband indicates the 401(k) account records are only available online, it is hard to imagine that the former husband is unable to gain access to these records. We are quite certain that his employer can provide him with the necessary documentation relating to his 401(k) so that the QDRO can be completed. We find no issue with the court’s order of the court as it relates to the obligation of the former husband to provide the necessary documents. However, we take issue with the attorney’s fees. An affidavit was never offered to support the award, and the former wife’s counsel presented the only testimony stating he was seeking $2,500 in fees. Fees are available as a sanction in civil contempt cases, but they must be based on actual damages and supported by findings. H.K. Dev., LLC. v. Greer, 32 So.3d 178, 185-86 (Fla. 1st DCA 2010). For these reasons, we affirm the contempt order and reverse the order awarding attorney’s fees.
AFFIRMED in part; REVERSED in part.
PALMER and LAWSON, JJ., concur.