SILBERMAN, Judge.
In appeal 2D12-1502, attorney Gary W. Roberts seeks review of an order sanctioning him for breaching a confidentiality order by requiring him to pay $23,403.70 to Gulf Coast Orthopedic Center — Alfred 0. Bonati, M.D., P.A. (Gulf Coast Orthopedic). While Roberts’ conduct violated the confidentiality order, we reverse because the trial court did not make a finding that the violation was intentional. In appeal 2D12^731, Roberts seeks review of an order denying his motion for relief from the sanction order. He sought relief based on a subsequent settlement in another case. We affirm because the plain language of the settlement agreement does not release Roberts from his obligation to pay the sanction.
The underlying action is a medical malpractice suit brought in Pasco County by Patricia Shaw-Caillouet and Allen Cail-louet against Dr. Alfred 0. Bonati, Gulf Coast Orthopedic, and Medical Development Corporation of Pasco County d/b/a The Bonati Institute (together the Bonati Parties). During the course of the proceedings, the Bonati Parties obtained a confidentiality order to protect against the disclosure of their financial information outside of the case.
The Bonati Parties subsequently filed a motion for sanctions against the Caillouets’ attorney, Roberts, alleging that he breached the confidentiality order. The Bonati Parties explained that Roberts was co-counsel in a Walton County case in which his client obtained a judgment against Gulf Coast Orthopedic. The judgment creditor had issued a request for production in aid of execution to Gulf Coast Orthopedic, but it had not yet responded. Although the judgment creditor should not have known the identity of Gulf Coast Orthopedic’s financial institutions, he obtained orders for issuance of writ of garnishment on two of those financial institutions. The Bonati Parties noted that those financial institutions had very recently been identified by the Bonati Parties’ account manager in her deposition in the Pasco County case. The Bonati Parties asserted that Roberts must have violated the confidentiality order and disclosed the information discerned at the deposition to co-counsel in the Walton County case.
The trial court conducted a hearing on the motion at which Roberts denied dis *1215 closing any information and asserted that the information was probably in the public records. The court determined that the Bonati Parties had only established something that looked suspicious and declined to rule on the motion at that time. The Bonati Parties then issued a notice of production of nonparty in which it requested from co-counsel in the Walton County case all public records used to locate the financial institutions at issue.
When co-counsel was unable to produce any such records, the Bonati Parties filed a second motion for sanctions. The Bonati Parties requested that the court sanction Roberts $23,403.70, which was the amount garnished in the Walton County case. The Bonati Parties attached an affidavit in which their account manager averred that the $23,403.70 had indeed been garnished from the named financial institutions.
At the hearing on the second motion for sanctions, counsel for the Bonati Parties informed the court that Roberts’ co-counsel in the Walton County case had sent him an email admitting that the names of the financial institutions had come from Roberts’ office. Roberts nonetheless persisted with his denial of the disclosure. He also asserted that any such disclosure would not have violated the confidentiality order because the order merely prohibited the disclosure of documents produced in discovery. Roberts did not object to the amount of sanctions requested. The court took the motion under advisement.
The Bonati Parties thereafter obtained a copy of the email that was sent from Roberts’ office to his co-counsel in the Walton County case disclosing the names of the financial institutions. The Bonati Parties scheduled a third hearing on their motion for sanctions at which they again requested that the court sanction Roberts $23,403.70. Roberts initially asserted a work-product objection to the email, but after some discussion he withdrew the objection. Roberts finally admitted that his office sent the email, but he argued that it must have been sent by a paralegal who unwittingly included the confidential information. Roberts also reasserted that his office did not technically violate the confidentiality order because it did not disclose any documents produced in discovery. As to the amount requested, Roberts did not challenge its factual basis but asked the court to award the sanctions to a charitable institution because Gulf Coast Orthopedic was a wealthy company.
The Bonati Parties responded that it was Roberts who compiled the list of banks using information from a discovery deposition. The Bonati Parties noted that the memo was written in the first person from Roberts’ perspective. And the Bona-ti Parties pointed out that Roberts had previously insisted that he had obtained the information from public records.
The trial court ruled as follows:
I think clearly there was a violation of the Court’s order here and I am going to impose a sanction of $23,403.70. Whether it was intentional or not it was still a violation, and frankly the Court is somewhat disturbed by the representations that were made [that] this was from the public record which now seems [sic] to be abandoned.
The order granting the motion for sanction similarly states that “Roberts clearly violated the Confidentiality Order entered on August 9, 2010, in this matter by providing the banking information of [Gulf Coast Orthopedic] to a third party.”

Appeal 2D12-1502

In appeal 2D12-1502, attorney Roberts argues that the court abused its discretion in entering the sanction order. He contends that (1) he did not violate the terms of the confidentiality order, (2) the court *1216 did not find that any such violation was intentional, and (3) the sanction amount is excessive, disproportionate, and not based on any actual damages to the Bonati Parties. We find no merit in Roberts’ first and third arguments but conclude that the second requires reversal.
As to Roberts’ first argument, he claims that the confidentiality order did not prohibit him from sharing the Bonati Parties’ financial “information” but only prohibited him from sharing financial “documents” produced during discovery. He points to the court’s ruling in the hearing transcript that “the material that’s produced not be disclosed.” (Emphasis added.) However, the transcript reflects that the issue was maintaining the confidentiality of the financial information. In context, it is evident that the court’s reference to “material” was not intended to limit confidentiality to documents. In fact, Roberts repeatedly assured the court at the hearing on the motion for confidentiality order that he had no intention of sharing the Bonati Parties’ “financial information ” with anyone outside the case. (Emphasis added.)
Roberts’ second argument is that the court was precluded from imposing a monetary sanction without a finding that the violation was willful. This sanction order is a compensatory contempt sanction because the court imposed the monetary sanction for past noncompliance and made the sanction payable to the injured party to compensate it for damages caused by the contumacious conduct. See Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991), receded from on other grounds by Parisi v. Broward Cnty., 769 So.2d 359, 365 n. 6 (Fla.2000); H.K. Dev., LLC v. Greer, 32 So.3d 178, 185 (Fla. 1st DCA 2010). But a necessary element of civil contempt is the contemnor’s intent to violate a court order. Fla. Ventilated Awning Co. v. Dickson, 67 So.2d 218, 219 (Fla.1953); Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565, 566 (Fla. 5th DCA 1997); Paul v. Johnson, 604 So.2d 883, 884 (Fla. 5th DCA 1992).
In this case, the court did not make a finding that the violation of the confidentiality order was intentional. In fact, the court expressly declined to decide the issue, stating, “Whether it was intentional or not it was still a violation.... ” Although the court also stated that it was “somewhat disturbed by the representations that were made [that] this was from the public record,” the court did not conclude that these representations established Roberts’ intent to violate the confidentiality order. Without a finding of intent, the sanction order cannot stand.
Roberts’ third argument is that the sanction amount is excessive, disproportionate, and not based on any actual damages to the Bonati Parties. It is well settled that courts must base the fine imposed as a compensatory contempt sanction on evidence of the injured party’s actual damages. See Parisi, 769 So.2d at 366; Johnson, 573 So.2d at 824; H.K. Dev., 32 So.3d at 185. In this case, the Pasco County court concluded that Gulf Coast Orthopedic suffered a loss of $23,403.70, which was the amount garnished against Gulf Coast Orthopedic’s bank accounts in the Walton County case as a result of the improper disclosure of bank accounts.
The crux of Roberts’ argument is that the Bonati Parties did not prove that his disclosure of the two bank accounts resulted in any actual damages. He maintains that Gulf Coast Orthopedic would have no right to confidentiality in these bank accounts and eventually would have been required to disclose them in response to the request for production in aid of execution in the Walton County case. Thus, he *1217 argues that the garnishments actually ben-efitted Gulf Coast Orthopedic because the amount garnished reduced the amount Gulf Coast Orthopedic owed on the judgment in the Walton County case.[1]
Although this argument has persuasive value, we are precluded from granting relief because Roberts did not make this argument to the trial court. See Garcia v. Andonie, 101 So.3d 339, 350 (Fla.2012) (holding that the appellant failed to preserve issues regarding the sufficiency of the record evidence because it did not “seek to refute or contest the uncontra-dicted evidence submitted by the [appel-lees]”); Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010) (holding that, in order for an argument to be preserved for appeal, the aggrieved party must have made a contemporaneous objection raising the specific legal argument he seeks to raise on appeal). Roberts consistently maintained that he did not violate the confidentiality order (though he did not maintain a consistent position as to why). But Roberts never argued that the Bonati parties had not been damaged or that the $23,403.70 the Bonati Parties requested in the second motion for sanctions could not be awarded as a sanction. Nor did he dispute how the requested sanction was computed or argue that it was excessive or not supported by the evidence. Instead, Roberts merely requested that if the court did impose the sanction, the money should go to a charity that needed the money more than the Bonati Parties. Thus, Roberts’ challenge to the amount of the sanction which is being made for the first time on appeal is not cognizable.

Appeal 2D12-4731

After the sanction order was entered in the Pasco County case, Roberts filed a motion for relief from the order based on a settlement agreement from the Walton County ease. In appeal 2D12-4731, Roberts seeks review of the order denying his motion for relief. We conclude that the motion was properly denied because the settlement agreement relates solely to the Walton County case.
In the Walton County case, two entities, Gulf Coast Orthopedic and American Orthopedic Surgeons, Inc., sued a former Gulf Coast Orthopedic employee, Anthony Mork, for breach of a noncompete agreement and improper use and/or disclosure of trade secrets. Mork filed what is referred to as a “cross-complaint” against Gulf Coast Orthopedic. All of Gulf Coast Orthopedic’s claims were either voluntarily dismissed or dismissed by the trial court, and the trial court entered a judgment awarding Mork attorney’s fees and costs against Gulf Coast Orthopedic. But Mork’s cross-complaint remained pending against Gulf Coast Orthopedic, and the remaining counts filed by American Orthopedic against Mork remained pending as well.
The parties subsequently entered into a settlement agreement which required the Bonati Parties to pay $250,000 “[t]o settle the aforesaid controversies between them.” To support his argument for relief from the Pasco County sanction order, Roberts relies on the section of the settlement agreement titled “Releases.” The part of that section obligating the Bonati Parties provides, “In consideration of the settlement payments provided for above, the Bonati Parties, unconditionally and irrevocably release, remise, forgive and forever discharge the Mork Parties and their/its agents, successors, or assigns.” Roberts *1218 argues that, as an “agent” of the Mork Parties, he was released from his preexisting obligation to pay Gulf Coast Orthopedic under the sanction order in the Pasco County case. However, the settlement agreement is limited by its terms to obligations that arose under the Walton County case, and the “Releases” section does not expand the scope of the agreement. Accordingly, the trial court did not abuse its discretion in denying Roberts’ motion for relief from the sanction order.

Conclusion

In summary, regarding appeal 2D12-1502 we conclude there was no error in the Pasco County court’s determination that Roberts’ conduct violated the confidentiality order. And we reject Roberts’ challenge to the amount of the sanction because it was not preserved for review. However, we reverse and remand for the court to determine whether Roberts’ conduct was intentional. The court may reimpose the civil contempt sanction on remand if it answers this question in the affirmative. In appeal 2D12-4731, we affirm because the terms of the Walton County settlement do not discharge Roberts from his obligation to pay the sanction in the Pasco County case.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and MORRIS, JJ., Concur.

. It may be that the garnishment proceedings interrupted payment of other checks drawn on those accounts or caused some other expense or harm to Gulf Coast Orthopedic, but the Bonati Parties did not seek relief on this basis.