NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PEOPLE TECH GROUP, INC.,                    )
                                            )
              Appellant,                    )
                                            )
v.                                          )        Case No. 2D14-3787
                                            )
SYSTEM SOFT TECHNOLOGIES, LLC,              )
                                            )
              Appellee.                     )
                                            )

Opinion filed April 1, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Walter S. Schafer, Jr., Judge.

Timothy W. Weber and Amanda A. Felten of
Weber, Crabb & Wein, P.A., St. Petersburg,
for Appellant.

Scott T. Lyon and Nancy S. Paikoff of
Macfarlane Ferguson & McMullen,
Clearwater, for Appellee.


CASANUEVA, Judge.

              People Tech Group, Inc. appeals an order finding it in contempt and

awarding sanctions of costs and attorney's fees because People Tech failed to comply

with a court order to complete a postjudgment fact information sheet.  Because the trial

court made no finding that People Tech's noncompliance was intentional and the facts present considerable doubt as to People Tech's intent, we reverse.

People Tech, a Washington company, hired Florida counsel to respond to a breach of contract action filed by System Soft Technologies, LLC, in February 2013. Counsel withdrew after filing an answer and affirmative defenses on behalf of People Tech, and summary final judgment was entered in favor of System Soft in the amount of $26,720 on March 31, 2014. The final judgment ordered People Tech to complete and serve on System Soft's counsel a fact information sheet, pursuant to Florida Rule of Civil Procedure 1.977, within forty-five days of the judgment. In July 2014, People Tech received an order to appear before the court on July 29, 2014, and show cause why it should not be held in contempt for failing to complete and serve a fact information sheet as ordered. People Tech alleges this was the first time it learned that a judgment had been entered against it in this case and it thus was not aware of the order requiring it to complete a fact information sheet.

Upon receiving the order to show cause, People Tech obtained new counsel, filed an affidavit asserting its lack of notice of the final judgment, and sought relief from the final judgment as void for lack of notice.[1] In his affidavit, People Tech's principal, Vishwa Prasad, explained that People Tech was not aware of counsel's withdrawal and had not received prior pleadings, notices, or a copy of the final

---

[1]We decline People Tech's invitation to go beyond the order on appeal and address the validity of the final judgment. See N. Fla. Women's Health & Counseling Servs., Inc. v. State, 866 So. 2d 612, 640 (Fla. 2003) (declining to address remaining claims pursuant to the doctrine of judicial restraint because resolution of those claims was unnecessary for the disposition of the case).

judgment, all of which were sent to a Washington residence owned by Mr. Prasad rather than People Tech's principal place of business. The affidavit stated that Mr. Prasad and his family were frequently away from the Washington residence for extended periods of time and thus did not receive or monitor mail at that residence. He was unaware why People Tech's former counsel had designated that residence as People Tech's last known address in the motion and order on withdrawal of counsel, and People Tech never advised counsel to send correspondences to that address.[2]

A hearing was held on the order to show cause and People Tech's cross-noticed motion for protective order. Counsel for People Tech argued that People Tech should not be held in contempt for failing to complete the fact information sheet because it lacked actual notice of the order, as set forth in the affidavit, and the failure to comply was not willful. No testimony or other evidence was received at the hearing, though System Soft's counsel later filed an affidavit stating that the pleadings had been sent to People Tech at the address designated in the order granting withdrawal of counsel, and none of those documents had been returned. The trial court subsequently entered an order finding People Tech "failed to show good cause for its non-compliance" with the court's order. The court thus found People Tech to be in contempt, ordered it to pay a sanction of System Soft's attorney's fees and costs, and denied People Tech's motion for protective order.

"A contempt order imposing sanctions comes to this Court with a presumption of correctness and will only be overturned upon a showing that the trial

---

[2]Despite former counsel's communication with People Tech via email, counsel did not include an email address for People Tech in the motion to withdraw as required by Florida Rule of Judicial Procedure 2.505(f)(1).

- 3 -

court abused its discretion or departed from the essential requirements of law." Creative Choice Homes, II, Ltd. v. Keystone Guard Servs., Inc., 137 So. 3d 1144, 1146 (Fla. 3d DCA 2014). "Contempt is an intentional offense against the authority of the court or a judge performing his judicial duties." Tubero v. Ellis, 472 So. 2d 548, 550 (Fla. 4th DCA 1985). Thus, intent to violate a court order is a necessary element of civil contempt and a finding of intent is essential to support contempt. Roberts v. Bonati, 133 So. 3d 1212, 1216 (Fla. 2d DCA 2014); Osmo Tec SACV Co. v. Crane Envtl., Inc., 884 So. 2d 324, 327 (Fla. 2d DCA 2004). "[A]n order of contempt cannot be approved where the underlying factual basis for the finding of contempt is not supported by the record and there is considerable doubt as to the contemnor's intent to either violate a court order or hinder the court in its administration of justice." Baitty v. Weaver, 734 So. 2d 582, 584-85 (Fla. 4th DCA 1999).

In this case, the trial court's order contained no findings regarding People Tech's intent to violate the provision in the final judgment ordering People Tech to complete the fact information sheet. No oral findings were made at the hearing as to intent, and no evidence was presented to contradict the facts set forth in People Tech's affidavit that it did not receive the pleadings and judgment and had no notice of the order. Further, the trial court heard no testimony from which a credibility determination could have been made. See Green v. Jorgensen, 56 So. 3d 794, 799 (Fla. 1st DCA 2011) ("Without an evidentiary hearing, it was not for the trial court to weigh the credibility of affidavits in no way inherently implausible.").

Because the trial court did not make a finding that People Tech's failure to comply with the court order was intentional, and the affidavit presented by People Tech

- 4 -

presents considerable doubt as to People Tech's intent to violate the order, we conclude that the trial court's order departs from the essential requirements of law. Accordingly, we reverse the order as to the finding of contempt and award of sanctions and remand for further proceedings. If competent, substantial evidence is presented on remand to support a finding of willful intent, the trial court may reimpose the civil contempt sanction against People Tech.

Reversed and remanded.

KELLY and LaROSE, JJ., Concur.