GROSS, J.
We reverse a finding of civil contempt against an expert witness because the witness did not violate a court order in executing an affidavit used to support a criminal defendant’s motion for postconviction relief.
Appellant Frank Fore is an expert witness in accident reconstruction. His client was a defendant who had been convicted of DUI manslaughter. In support of the defendant’s motion for postconviction relief, Fore completed an affidavit. It later turned out that this affidavit contained incorrect information, based in part upon Fore’s misinterpretation of a report from Toyota containing data taken from the victim’s vehicle.
During preparation for the postconviction evidentiary hearing, Fore was provided with information from the state’s expert that caused him to realize that certain opinions in his affidavit were wrong. He notified defense counsel but did not take any action to amend his postconviction affidavit or otherwise inform the state or the court of his changed opinions. Not until Fore’s deposition did the state learn of his new opinions.
The day after the deposition, the state moved for sanctions, in addition to other relief not pertinent here. After the post-conviction evidentiary hearing, the circuit judge found that Fore’s affidavit was “materially false” and that it was prepared with “reckless indifference to its truth.”
The state then filed an amended motion for sanctions against both Fore and defense counsel. After an evidentiary hearing on the amended motion, the court orally found that Fore’s affidavit resulted “from a combination of negligence, recklessness, failure to obtain sufficient facts before an affidavit is filed, failure to get clean copies of a document that are needed, [and a] failure to turn over to [Fore] critical information that refutes part of the affidavit.”
The court later entered a written order detailing its findings. In it, the court treated the matter as a civil contempt issue, where a civil contempt fine “compensates the complainant for losses sustained.” The court cited to Nical of Palm Beach, Inc. v. Lewis, 981 So.2d 502 (Fla. 4th DCA 2008), and Levey v. D’Angelo, 819 So.2d 864 (Fla. 4th DCA 2002); both cases discuss compensation to the complainant for losses sustained as a remedy in a civil contempt proceeding. The court reiterated its findings that statements in the affidavit were “materially false” and “attributable to both defense counsel’s and Fore’s reckless behavior.” It imposed a civil contempt fine of $6,667.70 to compensate the state for the expense of ordering transcripts and hiring an expert witness to *841 “counter Fore’s false affidavit.”[1]
A fatal deficiency in the civil contempt finding is that Fore did not intentionally violate a court order.
The power of a court to punish contempt derives from the “interests of orderly government,” which “demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter.” Parisi v. Broward Cty., 769 So.2d 359, 363 (Fla.2000) (quoting United States v. United Mine Workers, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947)) (emphasis added). “It is essential that our courts have the judicial power to enforce their orders; otherwise, judgments are only advisory.” Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991) (emphasis added). In South Dade Farms, Inc. v. Peters, 88 So.2d 891, 899 (Fla.1956), the Florida Supreme Court recognized that there was “adequate precedent to support the imposition of a ‘compensatory fine’ in civil contempt proceedings” where a party “violat[ed] a decree.” These cases, describing the source of a court’s contempt power, require the violation of a court order as a necessary prerequisite to the imposition of civil contempt sanctions.
A second deficiency in the contempt order is that the court did not find that Fore acted intentionally, but merely recklessly. A “necessary element of civil contempt is the contemnor’s intent to violate a court order.” Roberts v. Bonati, 133 So.3d 1212, 1216 (Fla. 2d DCA 2014); see also Fla. Ventilated Awning Co. v. Dickson, 67 So.2d 218, 219 (Fla.1953) (observing there “was no intent to disobey” a court order and “intention [is] one of the elements of contempt”); Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565, 566 (Fla. 5th DCA 1997) (noting that “[a]n essential element of contempt is the intent to violate the court order”). With a nod to the' tipsy coachman doctrine,[2] the state argues that the circuit court’s order might be upheld under “its inherent authority to impose sanctions.” The Florida Supreme Court has recognized the inherent authority of a trial court to award attorney’s fees for the bad faith conduct of a party in a civil case, see Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998), or a party’s attorney in a civil lawsuit. See Moakley v. Smallwood, 826 So.2d 221, 226-27 (Fla.2002).
Absent further direction from the supreme court, we decline to expand such inherent authority to allow a trial court to sanction a non-party expert witness in a criminal case. Trial courts’ aggressive application of the inherent authority doctrine to sanction bad faith conduct of witnesses in a criminal case would “create a chilling effect on a party’s exercise of [the] constitutional right to freedom of speech, access to the courts, and due process.” Emanuel v. State, 601 So.2d 1273, 1275 (Fla. 4th DCA 1992) (addressing a court’s power to hold a criminal defendant in direct criminal contempt for lying, when defendant’s testimony at suppression hearing was contrary to the testimony of two state witnesses).
*842 Two rules of Florida Criminal Procedure provide for sanctions. Rule 3.220(n) provides for sanctions against parties or counsel for . discovery violations; rule 3.850(n)(3) permits a court to sanction a defendant for “prohibited conduct” in post-conviction relief proceedings, such as filing frivolous or malicious claims or filing motions in bad faith or with reckless disregard for the truth. Neither rule covers the conduct at issue here.
For these reasons, we reverse the finding of contempt and remand to the circuit court with directions that the contempt charge against Fore be dismissed.
TAYLOR and DAMOORGIAN, JJ., concur.

. Defense counsel paid the fine and is not an appellant, so we do not consider the propriety of the sanction as applied to him.

. A "longstanding principle of appellate law, sometimes referred to as the 'tipsy coachman’ doctrine, allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.' ” Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999)).