Per Curiam.
*1275 We deny Appellee's alternative motion for rehearing, but grant clarification of our prior opinion. The order of contempt is reversed, and the cause is remanded to the trial court for further proceedings. See Young v. Wood-Cohan , 727 So.2d 322 (Fla. 4th DCA 1999) (reversing and remanding criminal contempt for further proceedings where insufficient notice was provided); H.K. Dev., LLC v. Greer , 32 So.3d 178, 186 (Fla. 1st DCA 2010) (reversing and remanding order of civil contempt for "findings as to actual damages and entry of an order tailoring any sanctions accordingly").
Makar, J., concurring in result.
I concur as to the relief granted, which is to remand and allow for the remedy of compensatory damages for civil contempt as initially contemplated and ordered by the trial court, payable to the husband due to the wife's violations of the mutual injunction. H.K. Dev., LLC v. Greer , 32 So.3d 178, 184 (Fla. 1st DCA 2010) (noting that monetary sanctions cannot be construed as criminal in nature if "the moneys are ordered to be paid, not to the fisc, but to a private party"). A remand is appropriate for cases in this procedural posture, where an appellate panel cannot agree on whether actual damages were established thereby allowing for an evidentiary hearing. See id. at 186 (remanding "for findings as to actual damages and entry of an order tailoring any sanctions accordingly"). To that extent, I concur in a remand consistent with Greer . Double jeopardy principles may prevent another criminal contempt charge for the same conduct, but nothing prevents the pursuit of a compensatory, civil contempt order under the circumstances.